1    Cristin D. Morneau (CA State Bar No. 295794)
     HOGAN LOVELLS US LLP
2    3 Embarcadero Center, Suite 1500
     San Francisco, CA 94111
3    Telephone: (415) 374-2349
     Facsimile: (415) 374-2499
4    cristin.morneau@hoganlovells.com

5    Steven P. Hollman (*pro hac vice application forthcoming*)
     HOGAN LOVELLS US LLP
6    555 13th Street N.W.
     Washington, DC 20004
7    Telephone: (202) 637-5672
     Facsimile: (202) 637-5910
8    steven.hollman@hoganlovells.com

9    Attorneys for Applicant
     BCS PROPERTIES, LLC

10

**FILED**

JUL 15 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11             UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

SK

CV 16 80151 MISC

13

14    Lile Inc.,

              Case No.: 91220066/91221745 (TTAB)

15           Opposer,      **MOTION TO COMPEL PRODUCTION OF**
                           **DOCUMENTS**

16    v.

17    BCS Properties, LLC,

18           Applicant.

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

Page

FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 1

ARGUMENT ................................................................................................................................. 5

CONCLUSION ............................................................................................................................ 20

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

*Eden Isle Marina, Inc. v. U.S.,*
5      89 Fed. Cl. 480 (Fed. Cl. 2009)....................................................................10, 12, 14, 16, 17, 19

6 *Fisher v. United States,*
     425 U.S. 391 (1976).................................................................................................................8
7

*Hearn v. Rhay,*
8      68 F.R.D. 574 (E.D. Wash. 1975).............................................................9, 12, 13, 16, 17, 19

9

*Intellect Wireless, Inc. v. HTC Corp.,*
10      2014 WL 1797488 (N.D. Ill. 2014)..........................................................9, 12, 13, 16, 17, 19

11 *United States ex rel. Parikh v. Premera Blue Cross,*
     2006 WL 6654604 (W.D. Wash. Oct. 31, 2006) .........................................9, 11, 13, 15, 17, 19
12

*United States v. Bergonzi,*
13      216 F.R.D. 487 (N.D. Cal. 2003) ...............................................................8, 11, 13, 15, 17, 19

14

*United States v. Bump,*
15      605 F.2d 548 (10th Cir. 1979).................................................................................................9

16 *United States v. Sudikoff,*
     36 F.Supp. 2d 1196 (C.D. Cal. 1999)........................................................8, 11, 13, 15, 17, 19
17

*Weil v. Investment/Indicators, Research and Mgmt, Inc.,*
18      647 F.2d 18 (9th Cir. 1981).......................................................................8, 11, 13, 15, 17, 19

19 **Statutes**

20 15 U.S.C. § 1051(a)(3)......................................................................................................................9

21 15 U.S.C. § 1051(b)(3)......................................................................................................................9

22 **Other Authorities**

23 37 C.F.R. § 2.116 .............................................................................................................................1

24 37 C.F.R. § 2.19(e)(1)......................................................................................................................9

25 37 C.F.R. § 2.32(b) ..........................................................................................................................9

26 37 C.F.R. § 2.33(a)...........................................................................................................................9

27

28

Federal Rule of Civil Procedure
Rule 26(b)(1)................................................................10, 12, 14, 16, 18, 19
Rule 30(b)(1)................................................................................4
Rule 30(b)(6)................................................................................4
Rule 34 .......................................................................................5
Rule 34(b)(2)(B)............................................................................7
Rule 34(b)(2)(C)............................................................................7
Rule 37 .......................................................................................1
Rule 37(a)(1)................................................................................5
Rule 45 ....................................................................................1, 8
Rule 45(d)(2)(B)(i)......................................................................1, 5
Rule 45(e)(2)(A)..........................................8, 11, 12, 14, 16, 18, 20

Northern District Local Rule 37-2 ...................................................6

Trademark Rules of Practice, Rule 2.116(a) ......................................1

1        Pursuant to Federal Rules of Civil Procedure 37 and 45(d)(2)(B)(i), Applicant BCS

2   Properties, LLC ("Applicant" or "BCS Properties") hereby moves the United States District Court

3   for the Northern District of California for an order compelling third party Raj Abhyanker P.C.

4   ("Raj Abhyanker" or the "Firm") to produce relevant documents relating to the claimed

5   trademark use and exclusive rights of Opposer Lile Inc. ("Lile" or "Opposer"), which have been

6   withheld improperly on a claim of attorney-client privilege in response to a subpoena duces

7   tecum issued on June 28, 2016 pursuant to Federal Rule of Civil Procedure 45, as incorporated

8   into the Trademark Rules of Practice under Rule 2.116(a), 37 CFR § 2.116.  The subpoenaed

9   documents are sought in connection with consolidated trademark registration opposition

10   proceedings pending before the Trademark Trial and Appeal Board ("TTAB") as *Lile Inc. v. BCS*

11   *Properties, LLC*, TTAB Opposition Nos. 91220066/91221745 (the "TTAB Proceeding").

12                   **FACTUAL AND PROCEDURAL BACKGROUND**

13        On March 28, 2013, BCS Properties filed with the U.S. Patent and Trademark Office

14   ("PTO") Application Serial No. 85888764 for the mark "COLLEGE FOOTBALL PLAYOFF."

15   Declaration of Steven P. Hollman in Support of Motion to Compel Production of Documents

16   ("Hollman Decl.") ¶ 2, Ex. A.  Opposer filed a notice of opposition to BCS Properties'

17   Application Serial No. 85888764 on April 29, 2015.  On May 1, 2013, BCS Properties also filed

18   Application Serial No. 85919900 for the mark "COLLEGE FOOTBALL PLAYOFF & Design."

19   *Id.* ¶ 3, Ex. B.  Opposer filed a notice of opposition to BCS' Properties' Application Serial No.

20   85919900 on January 7, 2015.  As noted above, the foregoing oppositions now are consolidated

21   as the pending TTAB Proceeding.

22        Pursuant to the Board's scheduling order, BCS Properties served on Lile Applicant BCS

23   Properties, LLC's First Set of Interrogatories to Opposer Lile Inc., dated April 20, 2015, and

24   Applicant BCS Properties LLC's First Set of Requests for Production of Documents, Things, and

25   Electronically Stored Information to Opposer Lile Inc. ("Applicant's Requests"), dated April 21,

26   2015.  On May 20, 2015, Lile filed Opposer's Objections and Responses to Applicant's First Set

27   of Document Requests ("Objections to Requests").  *Id.* ¶ 4, Ex. C.

28        Applicant's Requests included, *inter alia*, a Request No. 13 for "[a]ll Materials relating to

the preparation, filing, and prosecution of any U.S. state or federal trademark application for Opposer's Mark [Application Serial No. 86052371] or any related Mark, including any Materials concerning whether and why such filing was deemed necessary and/or desirable." *See* Obj. to Requests at 9, Hollman Decl. Ex. C. Applicant's Request No. 38 similarly sought "[a]ll Materials relating to Opposer's knowledge and/or awareness of the use, registration, and/or application for registration of Applicant's Mark, including all Materials which record, refer, or relate to Opposer's earlier knowledge of the use of Applicant's Mark and/or use by Applicant of marks comprising the words COLLEGE FOOTBALL PLAYOFF." *Id.* at 21. Despite reciting boilerplate objections that Requests Nos. 13 and 38 supposedly were "irrelevant and immaterial," did not "bear on the facts at issue in this matter," were "not reasonably calculated to lead to the discovery of admissible evidence," sought "confidential, sensitive, and/or proprietary trade secrets, financial and other business information and documents," and/or were "overly broad and unduly burdensome," *id.* at 9, 21, Lile promised to produce any "non-privileged documents and things in its possession, custody, or control, if any, that are responsive." *Id.*

Applicant received Opposer's document production in response to Applicant's Requests on April 22, 2016. The entire production encompassed only 291 pages and did not include Opposer's client file from its former counsel, Raj Abhyanker P.C., related to Lile's trademark Application Serial No. 86052371. In particular, Opposer's document production offered no evidentiary support for Opposer's claimed trademark use or exclusive right to use the "CFBPLAYOFF.COM" mark, or any information regarding the factual basis for the August 30, 2013 declaration of Lile's former counsel, Tanya Falleiro ("Falleiro"), supporting Application Serial No. 86052371. Hollman Decl. ¶ 18. Falleiro, who no longer is employed at Raj Abhyanker P.C. or its apparent successor law firm, LegalForce RAPC, stated in her declaration that she:

> [B]elieves the applicant to be entitled to use such mark in
> commerce; to the best of his/her knowledge and belief no other
> person, firm, corporation, or association has the right to use the
> mark in commerce, either in the identical form thereof or in

1    such near resemblance thereto as to be likely, when used on

2    or in connection with the goods/services of such other person,

3    to cause confusion, or to cause mistake, or to deceive; and that

4    all statements made of his/her own knowledge are true; and

5    that all statements made on information and belief are believed

6    to be true.

7  Application Serial No. 86052371, Hollman Decl. ¶ 5, Ex. D. Falleiro's declaration statement was

8  made upon "her own knowledge," notwithstanding the prior filing of Applicant's initial

9  Applications Serial No. 85888764 (filed March 28, 2013), 85919900 (filed May 1, 2013), and

10 85919919 (filed May 1, 2013), all related to the marks "COLLEGE FOOTBALL PLAYOFF" and

11 "COLLEGE FOOTBALL PLAYOFF & Design." Id.

12        Seeking to understand the factual basis for Falleiro's statement, counsel for BCS

13 Properties sent an email to counsel for Opposer on June 3, 2016, inquiring whether Lile would

14 "obtain a copy of its client file on the trademark application from Raj Abhyanker, P.C., on the

15 grounds that the file is within Lile's possession, custody or control and is responsive to our

16 document request to the extent it contains the basis for Ms. Falleiro's sworn statements in her

17 declaration supporting the application." Hollman Decl. ¶ 6, Ex. E. BCS Properties' counsel also

18 inquired whether he could make arrangements with Falleiro to obtain her deposition testimony

19 directly. Id. Ex. E. BCS Properties' counsel made follow-up inquiries to Opposer's counsel

20 regarding its willingness and ability to obtain Lile's client file from Raj Abhyanker P.C. on June

21 9, 2016. Id. ¶¶ 7, 8, Ex. F, Ex. G.

22        On June 10, 2016, counsel for Opposer indicated in an email to BCS Properties' counsel

23 that Lile was "in the process of requesting the attorney file associated with [Lile's] application no.

24 86/052,371 of CFBPLAYOFF.COM" and that he would "keep [Opposer] updated on our

25 progress." Hollman Decl. ¶ 9, Ex. H. On June 10, 2016 and July 8, 2016, Opposer also made

26 small supplemental document productions in response to Applicant's Requests, neither of which

27 appears to contain documents from Lile's client file from its former counsel, Raj Abhyanker P.C.

28 Id. ¶ 21.

On June 17, 2016, counsel for Opposer again indicated in an email to BCS Properties' counsel that he was "still waiting to hear back on the progress of obtaining the attorney's file, if available, for the CFBPLAYOFF.COM application. We'll keep you updated." *Id.* ¶ 10, Ex. I. On the same date, counsel for BCS Properties sent counsel for Opposer an email reiterating: "Please let me know where we stand on the client file from Raj Abhyanker, P.C., as I intend to use that file in my questioning of Lile and [its corporate designee] Mr. [Edward] Deeb." *Id.* ¶ 11, Ex. J. The deposition of Lile's corporate witness, Edward Deeb ("Deeb") under Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure was scheduled at that time for June 24, 2016. *Id.* ¶ 11.

In an email of June 20, 2016, counsel for Opposer indicated that he had contacted "Christopher Civil of Raj Abhyanker PC regarding the attorney file for Lile Inc.'s Application No. 86/052,371 of CFBPLAYOFF.COM. He is determining what they have and confirming next steps with his supervising attorney." *Id.* ¶ 12, Ex. K. Although Opposer's counsel claimed that he had "informed him of the need for the file for this Friday's deposition," *id.* Ex. K, the file was not produced prior to the Rule 30(b)(6) and personal deposition of Deeb on June 24, 2016, *id.* ¶ 19.

The deposition, like Lile's document production, failed to yield any evidentiary substantiation for Opposer's claimed trademark use or first use of the "CFBPLAYOFF.COM" mark. However, Deeb's deposition testimony appeared to raise the suggestion that some evidence of use, such as Lile's website statistics, may have been lost in certain early "hacking" incidents. Assuming that such spoliation of evidence occurred, the only remaining sources of evidentiary information regarding Lile's use priority (if any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition testimony. Lile has confirmed that it has no other responsive documents to produce and has not identified any other witnesses. *Id.*

To this day, neither Lile nor its counsel has been willing or able to produce the relevant client file. Nor have they identified specifically any documents withheld on the basis of a claim of privilege or other protection, nor disclosed whether any non-privileged documents have been withheld. *Id.* ¶ 20. Given this failure of production, BCS Properties proceeded to request the

MOTION TO COMPEL
CASE NO. 91220066/91221745

1    same documents through a subpoena issued directly to Raj Abhyanker P.C. on June 28, 2016, of

2    which Opposer was given notice. *Id.* ¶ 13, Ex. L. BCS also requested the deposition testimony

3    of Falleiro through a subpoena issued directly to her on June 28, 2016, of which Opposer also was

4    given notice. *Id.* ¶ 14, Ex. M.  On July 6, 2016, Raj Abhyanker P.C. filed its Objections and

5    Responses to Third Party Subpoena to Produce Documents, Information in a Civil Action ("Third

6    Party Objections"). *Id.* ¶ 15, Ex. N.  Filled largely with boilerplate general objections, the Third

7    Party Objections assert that there are "no responsive, non-privileged documents" as to each and

8    every document request propounded by BCS. *Id.* Ex. N.

9         On July 13, 2016, counsel for BCS Properties sent an email to Christopher Civil, the

10   attorney at Raj Abhyanker P.C. who served the Third Party Objections, requesting that Raj

11   Abhyanker P.C. clarify, consistent with Federal Rule of Civil Procedure 34, whether responsive

12   documents actually are being withheld on the basis of Raj Abhyanker P.C.'s objections.  In the

13   same email, counsel for BCS Properties also requested an opportunity to meet and confer

14   regarding the parties' discovery dispute and informed Raj Abhyanker P.C. of BCS Properties'

15   intention to file a motion to compel if the firm maintained its apparent position that it has no

16   obligation to produce any documents in response to BCS Properties' subpoena. *Id.* ¶ 16, Ex. O.

17   Counsel for BCS Properties received a response to the foregoing email from Raj Abhyanker on

18   July 14, 2016, *id.* ¶17, Ex. P, in which Raj Abhyanker P.C. refused to provide the subpoenaed

19   documents or a privilege log or to state whether any documents not subject to a claim of privilege

20   had been withheld.  Accordingly, BCS Properties proceeded to file the instant motion.

21                                        **ARGUMENT**

22        Pursuant to Federal Rule of Civil Procedure 37(a)(1), a party may move for an order

23   compelling discovery on notice to other parties and after conferring with the non-producing party

24   in a good faith attempt to obtain the discovery without court intervention.  Federal Rule of Civil

25   Procedure 45(d)(2)(B)(i) relatedly provides that "[a]t any time, on notice to the commanded

26   person, the serving party may move the court for the district where compliance is required for an

27   order compelling production or inspection."  Here, an order is appropriate compelling Raj

28   Abhyanker P.C. to produce the subpoenaed documents that it apparently is withholding based on

1   improper claims of confidentiality, work product protection, and/or attorney-client privilege.

2          As detailed above, counsel for BCS Properties made a good faith attempt to confer with

3   Raj Abhyanker P.C. regarding the instant discovery dispute and provided notice of BCS

4   Properties' intention to file this motion in the event that the firm continued to maintain that it

5   need not produce the subpoenaed documents. In an email dated July 13, 2016, counsel for BCS

6   Properties specifically asked that Raj Abhyanker P.C. clarify whether it was withholding

7   documents responsive to BCS Properties' subpoena and requested an opportunity to meet and

8   confer regarding the parties' discovery disagreement.  The same email informed Raj Abhyanker

9   P.C. that BCS Properties would move the Court for an order compelling production of the

10  subpoenaed documents if the firm maintained its position against production.  Hollman Decl. ¶

11  16, Ex. O.  On July 14, 2016, Raj Abhyanker sent an email response to counsel for BCS

12  Properties refusing to provide the subpoenaed documents or a privilege log or to state whether

13  any documents not subject to a claim of privilege had been withheld.  *Id.* ¶ 17, Ex. P.

14         Raj Abhyanker P.C.'s objections to BCS Properties' document requests also are

15  unavailing on the merits, and the Firm should be compelled to produce the subpoenaed materials.

16  The parties' arguments largely are the same as to each of BCS Properties' individual document

17  requests but are reiterated separately below as to each, in compliance with Local Rule 37-2.

18

19         **BCS Properties' Request for Production No. 1: "**All documents that comprise the client

20  file of Lile Inc. relating to the domain name registration and trademark application for

21  'CFBPLAYOFF.COM,' 'COLLEGEFOOTBALLPLAYOFF.COM,'

22  'COLLEGEBOWLPLAYOFF.COM,' and any related mark."

23         **Objection:** "Raj Abhyanker P.C. objects to this request on the ground that it is overly

24  broad, unduly burdensome, vague, ambiguous, and not reasonably specific.  Moreover, this

25  request encompasses communications that are irrelevant and not reasonably calculated to [lead to]

26  the discovery of admissible evidence.  Raj Abhyanker P.C. further objects to this request to the

27  extent that Defendant seeks confidential business and financial information and/or trade secrets

28  and communications that are subject to the attorney-client privilege, the work product doctrine,

1   the work product doctrine [sic], or any other applicable privilege or limitation on discovery.

2   Subject to and without waiving the General Objections and the foregoing specific objections, Raj

3   Abhyanker P.C. responds that there are no responsive, non-privileged documents in Raj

4   Abhyanker P.C.'s possession, custody, or control that are responsive to this specific request"

5   (hereinafter "Raj Abhyanker P.C.'s Standard Objection," as Raj Abhyanker P.C. reproduced the

6   foregoing specific objection verbatim as to each document request propounded by BCS

7   Properties).

8       **Response:**

9       Raj Abhyanker P.C.'s general and boilerplate objections that BCS Properties' Requests

10  for Production Nos. 1-6 are "overly broad, unduly burdensome, vague, ambiguous, and not

11  reasonably specific," and that they "encompass[] communications that are irrelevant and not

12  reasonably calculated to [lead to] the discovery of admissible evidence," are not consistent with

13  the recent amendments to the Federal Rules of Civil Procedure and should be rejected. Parties

14  responding to discovery requests now must state their objections "with specificity" and clarify

15  whether responsive materials actually are being withheld on the basis of the objections. *See* Fed.

16  R. Civ. P. 34(b)(2)(B), 34 (b)(2)(C). The foregoing objections plainly fail to clarify whether Raj

17  Abhyanker P.C. actually is withholding responsive documents and are stated entirely without

18  specificity. Federal Rule of Civil Procedure 34(b)(2)(C) also instructs that a responding entity is

19  to "specify the part" of the request to which it objects and "permit inspection of the rest" of the

20  materials not withheld from production. Raj Abhyanker P.C.'s vague objections appear to deny

21  BCS Properties any opportunity to inspect responsive documents not subject to objection, or any

22  practical ability to determine whether such documents exist. For the sake of brevity, BCS

23  Properties requests that the Court consider the foregoing response incorporated in identical terms

24  as to each of its Requests for Production Nos. 2-6 below.

25      Raj Abhyanker P.C.'s objection that BCS Properties' Request for Production No. 1 seeks

26  "confidential business and financial information and/or trade secrets and communications that are

27  subject to the attorney-client privilege, the work product doctrine, the work product doctrine [sic],

28  or any other applicable privilege or limitation on discovery" also lacks merit. As an initial matter,

MOTION TO COMPEL
CASE NO. 91220066/91221745

1    an entity withholding subpoenaed information under a claim that it is privileged or subject to

2    protection as trial-preparation material must (1) expressly make the claim, and (2) describe the

3    nature of the withheld documents, communications, or tangible things in a manner that, without

4    revealing information itself privileged or protected, will enable the parties to assess the claim."

5    Fed. R. Civ. P. 45(e)(2)(A).  Raj Abhyanker P.C. did not produce a privilege log in compliance

6    with Federal Rule of Civil Procedure 45 or provide any other details regarding its apparent

7    decision to withhold subpoenaed documents pursuant to its vague assertions of confidentiality,

8    work product protection, and/or attorney-client privilege.  At the very least, Raj Abhyanker P.C.

9    should be compelled to produce an appropriate privilege log so that the parties may assess the

10   merits of any of the Firm's privilege claims.

11        To the extent that Raj Abhyanker P.C. has suggested that its client file responsive to BCS

12   Properties' Request for Production No. 1 is shielded from compelled disclosure as attorney work

13   product, it has provided no information to substantiate whether any documents in that file actually

14   contain or constitute attorney work product.  Moreover, BCS Properties' document requests seek

15   to discover the *factual basis* for the statements contained in Falleiro's declaration supporting

16   Application Serial No. 86052371.  Those facts are not, in and of themselves, properly subject to

17   any privilege or protection.

18        Raj Abhyanker P.C.'s suggestion that its client file for Lile is subject to attorney-client

19   privilege also is unavailing.  Because attorney-client privilege "has the effect of withholding

20   relevant information from the fact-finder, it applies only where necessary to achieve its purpose."

21   *Fisher v. United States*, 425 U.S. 391, 403 (1976); *see also Weil v. Investment/Indicators,*

22   *Research and Mgmt, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (because the attorney-client privilege

23   "impedes full and free discovery of the truth," it is "strictly construed").  In addition,

24   "communications between client and attorney for the purpose of relaying communications to a

25   third party [are] not protected by the attorney-client privilege."  *United States v. Bergonzi*, 216

26   F.R.D. 487, 493 (N.D. Cal. 2003); *United States v. Sudikoff*, 36 F.Supp. 2d 1196, 1204 (C.D. Cal.

27   1999).  "[V]oluntary disclosure of the content of a privileged attorney communication constitutes

28   waiver of the privilege as to all other such communications on the same subject."  *Weil*, 647 F.2d

MOTION TO COMPEL
CASE NO. 91220066/91221745

1   at 24; *United States ex rel. Parikh v. Premera Blue Cross*, 2006 WL 6654604, * 1 (W.D. Wash.

2   Oct. 31, 2006); *see also United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979) ("When a

3   matter is communicated to the lawyer with the intention or understanding it is to be repeated to

4   another, the content of the statement is not within the privilege.").

5          A trademark application is required to include a statement that is verified by the applicant

6   or by someone who is authorized to verify facts on behalf of an applicant. *See* 15 U.S.C. §§

7   1051(a)(3), 1051(b)(3); 37 C.F.R. §§2.32(b), 2.33(a), 2.19(e)(1). The signer must make a

8   reasonable inquiry under the circumstances and certify, among other matters, that the factual

9   contentions are true and that they have (or likely have) evidentiary support.  To the extent that

10  any information contained in Lile's client file was disclosed to – or was intended for use by Raj

11  Abhyanker P.C. attorneys in connection with disclosures to – the U.S. Patent and Trademark

12  Office or any other third parties, it does not qualify as privileged and must be disclosed.

13         Moreover, Falleiro's declaration supporting Lile's Application Serial No. 86052371

14  attested to Opposer's entitlement to use the "CFBPLAYOFF.COM" mark, based on "her own

15  knowledge." By its own terms, Falleiro's declaration placed her personal knowledge directly at

16  issue in this case.  Any information upon which she relied in submitting her declaration cannot be

17  subject to a legitimate claim of privilege. *See Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash.

18  1975) (collecting cases and explaining that a court "should find that the party asserting a privilege

19  has impliedly waived it through his own affirmative conduct" where "(1) assertion of the

20  privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2)

21  through this affirmative act, the asserting party put the protected information at issue by making it

22  relevant to the case; and (3) application of the privilege would have denied the opposing party

23  access to information vital to his defense"); *Intellect Wireless, Inc. v. HTC Corp.*, 2014 WL

24  1797488 * 2 (N.D. Ill. 2014) (finding attorney-client privilege waived as to inventor's

25  communications with trial counsel, where inventor filed a false declaration with the U.S. Patent

26  and Trademark Office with the knowledge of prosecuting counsel, who in turn advised the

27  inventor to communicate with trial counsel about the matter).

28         In any event, a party asserting attorney-client privilege has the burden of demonstrating

MOTION TO COMPEL
CASE NO. 91220066/91221745

1  the applicability of the privilege. *See, e.g., Eden Isle Marina, Inc. v. U.S.*, 89 Fed. Cl. 480, 496

2  (Fed. Cl. 2009) (citations omitted). Raj Abhyanker P.C. hardly has engaged that task. Indeed, as

3  noted above, it has failed even to identify and claim any portions of its client file for Lile that may

4  be subject to claims of privilege.

5          Finally, the client file requested pursuant to BCS Properties' Request for Production No. 1

6  constitutes relevant evidence related to the claims and defenses of Lile and BCS Properties in the

7  TTAB Proceeding. As discussed above, given the apparent spoliation of Lile's early website

8  evidence, the only remaining sources of evidentiary information regarding Lile's use priority (if

9  any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition

10  testimony. Lile has confirmed that it has no other responsive documents to produce and has not

11  identified any other witnesses. Hollman Decl. ¶ 19. Accordingly, BCS Properties' request for

12  Lile's client file is proportional to the needs of the case, considering the importance of the issues

13  at stake in the TTAB Proceeding, the amount in controversy, the parties' relative access to

14  relevant information (particularly given Lile's continued refusal to comply with its discovery

15  obligations), the parties' resources, the importance of the requested discovery in resolving the

16  issues in the TTAB proceeding, and the burden and expense of the requested discovery as against

17  its likely benefit in the case. Fed. R. Civ. P. 26(b)(1). An order compelling Raj Abhyanker P.C.

18  to produce its client file for Lile in response to BCS Properties' subpoena is fully warranted.

19

20          **BCS Properties' Request for Production No. 2:** "All documents relied on in any way by

21  Tanya Falleiro for any of the statements made in her declaration filed August 30, 2013, to support

22  the Application Serial No. 86052371, including any documents which constitute, reflect or relate

23  to communications with any representative of Lile Inc. relating to the use of the mark, the

24  applicant's entitlement to use the mark in commerce, and the basis for the belief that no other

25  person, firm, corporation or association had the right to use the mark in commerce."

26          **Objection:** Raj Abhyanker P.C.'s Standard Objection.

27          **Response:** BCS Properties' arguments in response to Raj Abhyanker P.C.'s Standard

28  Objection largely are the same with respect to Request for Production No. 2 as with respect to

1   Request for Production No. 1.

2        Briefly, Raj Abhyanker P.C.'s objection that BCS Properties' Request for Production No.

3   2 seeks confidential or privilege materials lacks merit.  An entity withholding subpoenaed

4   information under a claim that it is privileged or subject to work product protection must (1)

5   expressly make the claim, and (2) describe the nature of the withheld material to enable the

6   parties to assess the claim.  Fed. R. Civ. P. 45(e)(2)(A).  Raj Abhyanker P.C. did not produce a

7   privilege log or other details regarding its apparent decision to withhold subpoenaed documents

8   pursuant to its vague assertions of confidentiality, work product protection, and/or attorney-client

9   privilege.  At the very least, Raj Abhyanker P.C. should be compelled to produce an appropriate

10   privilege log.

11        To the extent that Raj Abhyanker P.C. has suggested that documents responsive to BCS

12   Properties' Request for Production No. 2 are shielded from compelled disclosure as attorney work

13   product, it has provided no information to substantiate whether any such documents actually may

14   be considered attorney work product.  In any event, BCS Properties seeks to discover the *factual*

15   *basis* for the statements contained in Falleiro's declaration supporting Application Serial No.

16   86052371.  Those facts are not properly subject to any privilege or protection.

17        Raj Abhyanker P.C.'s claim of attorney-client privilege as to documents responsive to

18   BCS Properties' Request for Production No. 2 also is unavailing.  "[C]ommunications between

19   client and attorney for the purpose of relaying communications to a third party [are] not protected

20   by the attorney-client privilege."  *Bergonzi*, 216 F.R.D. at 493; *Sudikoff*, 36 F.Supp. 2d at

21   1204.  "[V]oluntary disclosure of the content of a privileged attorney communication constitutes

22   waiver of the privilege as to all other such communications on the same subject."  *Weil*, 647 F.2d

23   at 24; *United States ex rel. Parikh*, 2006 WL 6654604 at * 1.  To the extent that any information

24   contained in Lile's client file was disclosed to – or was intended for use by Raj Abhyanker P.C.

25   attorneys in connection with disclosures to – the U.S. Patent and Trademark Office or any other

26   third parties, it does not qualify as privileged and must be disclosed.

27        Moreover, Falleiro's declaration supporting Lile's Application Serial No. 86052371

28   attested to Opposer's entitlement to use the "CFBPLAYOFF.COM" mark, based on "her own

MOTION TO COMPEL
CASE NO. 91220066/91221745

1    knowledge." By its own terms, Falleiro's declaration placed her personal knowledge directly at

2    issue in this case. Any information upon which she relied in submitting her declaration cannot be

3    subject to a legitimate claim of privilege. *See Hearn*, 68 F.R.D. at 581; *Intellect Wireless*, 2014

4    WL 1797488 at * 2. In any event, Raj Abhyanker P.C. has not sustained *its* burden to establish

5    attorney-client privilege in this instance. *See, e.g.*, *Eden Isle Marina*, 89 Fed. Cl. at 496.

6              Finally, the documents requested in BCS Properties' Request for Production No. 2

7    constitute relevant evidence related to the claims and defenses of Lile and BCS Properties in the

8    TTAB Proceeding. As discussed above, given the apparent spoliation of Lile's early website

9    evidence, the only remaining sources of evidentiary information regarding Lile's use priority (if

10   any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition

11   testimony. Lile has confirmed that it has no other responsive documents to produce and has not

12   identified any other witnesses. Hollman Decl. ¶ 19. Accordingly, BCS Properties' Request for

13   Production No. 2 is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

14

15   **BCS Properties' Request for Production No. 3:** "Your engagement letter with Lile Inc."

16   **Objection:** Raj Abhyanker P.C.'s Standard Objection.

17   **Response:** BCS Properties' arguments in response to Raj Abhyanker P.C.'s Standard

18   Objection largely are the same with respect to Request for Production No. 3 as with respect to

19   Request for Production No. 1.

20             Briefly, Raj Abhyanker P.C.'s objection that BCS Properties' Request for Production No.

21   3 seeks confidential or privilege materials lacks merit. An entity withholding subpoenaed

22   information under a claim that it is privileged or subject to work product protection must (1)

23   expressly make the claim, and (2) describe the nature of the withheld material to enable the

24   parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A). Raj Abhyanker P.C. did not produce a

25   privilege log or other details regarding its apparent decision to withhold subpoenaed documents

26   pursuant to its vague assertions of confidentiality, work product protection, and/or attorney-client

27   privilege. At the very least, Raj Abhyanker P.C. should be compelled to produce an appropriate

28   privilege log.

1   To the extent that Raj Abhyanker P.C. has suggested that documents responsive to BCS
2   Properties' Request for Production No. 3 are shielded from compelled disclosure as attorney work
3   product, it has provided no information to substantiate whether any such documents actually may
4   be considered attorney work product. Indeed, such a claim seems unlikely with respect to an
5   engagement letter. In any event, BCS Properties' Request for Production No. 3 supports its
6   attempt to discover the *factual basis* for the statements contained in Falleiro's declaration
7   supporting Application Serial No. 86052371, including any information contained in Raj
8   Abhyanker P.C.'s engagement letter to Lile. Those facts are not properly subject to any privilege
9   or protection.

10   Raj Abhyanker P.C.'s claim of attorney-client privilege as to documents responsive to
11   BCS Properties' Request for Production No. 3 also is unavailing. As an initial matter, the
12   engagement letter requested through BCS Properties' subpoena presumably did not contain legal
13   advice, an engagement letter normally being designed to establish the terms of representation
14   *prior* to the provision of legal advice to clients. Moreover, "communications between client and
15   attorney for the purpose of relaying communications to a third party [are] not protected by the
16   attorney-client privilege." *Bergonzi*, 216 F.R.D. at 493; *Sudikoff*, 36 F.Supp. 2d at
17   1204. "[V]oluntary disclosure of the content of a privileged attorney communication constitutes
18   waiver of the privilege as to all other such communications on the same subject." *Weil*, 647 F.2d
19   at 24; *United States ex rel. Parikh*, 2006 WL 6654604 at * 1. To the extent that any information
20   contained in Lile's client file was disclosed to – or was intended for use by Raj Abhyanker P.C.
21   attorneys in connection with disclosures to – the U.S. Patent and Trademark Office or any other
22   third parties, it does not qualify as privileged and must be disclosed. This includes any
23   responsive information contained in Raj Abhyanker P.C.'s engagement letter to Lile.

24   Falleiro's declaration supporting Lile's Application Serial No. 86052371 also attested to
25   Opposer's entitlement to use the "CFBPLAYOFF.COM" mark, based on "her own knowledge."
26   By its own terms, Falleiro's declaration placed her personal knowledge directly at issue in this
27   case. Any information upon which she relied in submitting her declaration cannot be subject to a
28   legitimate claim of privilege. *See Hearn*, 68 F.R.D. at 581; *Intellect Wireless*, 2014 WL 1797488

13

MOTION TO COMPEL
CASE NO. 91220066/91221745

1    at * 2.  Again, this includes any information contained in Raj Abhyanker P.C.'s engagement letter

2    to Lile.  In any event, Raj Abhyanker P.C. has not sustained *its* burden to establish attorney-client

3    privilege in this instance.  *See, e.g., Eden Isle Marina*, 89 Fed. Cl. at 496.

4            Finally, the documents requested in BCS Properties' Request for Production No. 3

5    constitute relevant evidence related to the claims and defenses of Lile and BCS Properties in the

6    TTAB Proceeding.  As discussed above, given the apparent spoliation of Lile's early website

7    evidence, the only remaining sources of evidentiary information regarding Lile's use priority (if

8    any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition

9    testimony.  Lile has confirmed that it has no other responsive documents to produce and has not

10   identified any other witnesses.  Hollman Decl. ¶ 19.  Accordingly, BCS Properties' Request for

11   Production No. 3 is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

12

13          **BCS Properties' Request for Production No. 4:** "Your billing records relating to your

14   work on behalf of Lile Inc. relating to the marks 'CFBPLAYOFF.COM,'

15   'COLLEGEFOOTBALLPLAYOFF.COM,' 'COLLEGEBOWLPLAYOFF.COM,' and any

16   related mark."

17          **Objection:** Raj Abhyanker P.C.'s Standard Objection.

18          **Response:** BCS Properties' arguments in response to Raj Abhyanker P.C.'s Standard

19   Objection largely are the same with respect to Request for Production No. 4 as with respect to

20   Request for Production No. 1.

21          Briefly, Raj Abhyanker P.C.'s objection that BCS Properties' Request for Production No.

22   4 seeks confidential or privilege materials lacks merit.  An entity withholding subpoenaed

23   information under a claim that it is privileged or subject to work product protection must (1)

24   expressly make the claim, and (2) describe the nature of the withheld material to enable the

25   parties to assess the claim.  Fed. R. Civ. P. 45(e)(2)(A).  Raj Abhyanker P.C. did not produce a

26   privilege log or other details regarding its apparent decision to withhold subpoenaed documents

27   pursuant to its vague assertions of confidentiality, work product protection, and/or attorney-client

28   privilege.  At the very least, Raj Abhyanker P.C. should be compelled to produce an appropriate

1   privilege log.

2       To the extent that Raj Abhyanker P.C. has suggested that documents responsive to BCS

3   Properties' Request for Production No. 4 are shielded from compelled disclosure as attorney work

4   product, it has provided no information to substantiate whether any such documents actually may

5   be considered attorney work product. Indeed, such a claim seems unlikely with respect to client

6   billing records. In any event, BCS Properties' Request for Production No. 3 supports its attempt

7   to discover the *factual basis* for the statements contained in Falleiro's declaration supporting

8   Application Serial No. 86052371, including any information contained in Raj Abhyanker P.C.'s

9   billing records for work performed on behalf of Lile. Those facts are not properly subject to any

10  privilege or protection.

11      Raj Abhyanker P.C.'s claim of attorney-client privilege as to documents responsive to

12  BCS Properties' Request for Production No. 4 also is unavailing. As an initial matter, the billing

13  records requested in BCS Properties' subpoena presumably did not themselves contain legal

14  advice; if so, Raj Abhyanker P.C. has not undertaken to explain what legal advice they contain.

15  Moreover, "communications between client and attorney for the purpose of relaying

16  communications to a third party [are] not protected by the attorney-client privilege." *Bergonzi*,

17  216 F.R.D. at 493; *Sudikoff*, 36 F.Supp. 2d at 1204. "[V]oluntary disclosure of the content of a

18  privileged attorney communication constitutes waiver of the privilege as to all other such

19  communications on the same subject." *Weil*, 647 F.2d at 24; *United States ex rel. Parikh*, 2006

20  WL 6654604 at * 1. To the extent that any information contained in Lile's client file was

21  disclosed to – or was intended for use by Raj Abhyanker P.C. attorneys in connection with

22  disclosures to – the U.S. Patent and Trademark Office or any other third parties, it does not

23  qualify as privileged and must be disclosed. This includes any responsive information contained

24  in Raj Abhyanker P.C.'s billing records for Lile.

25      Falleiro's declaration supporting Lile's Application Serial No. 86052371 also attested to

26  Opposer's entitlement to use the "CFBPLAYOFF.COM" mark, based on "her own knowledge."

27  By its own terms, Falleiro's declaration placed her personal knowledge directly at issue in this

28  case. Any information upon which she relied in submitting her declaration cannot be subject to a

15

1   legitimate claim of privilege. *See Hearn*, 68 F.R.D. at 581; *Intellect Wireless*, 2014 WL 1797488

2   at * 2. Again, this includes any information contained in Raj Abhyanker P.C.'s billing records for

3   Lile. In any event, Raj Abhyanker P.C. has not sustained *its* burden to establish attorney-client

4   privilege in this instance. *See, e.g., Eden Isle Marina*, 89 Fed. Cl. at 496.

5       Finally, the documents requested in BCS Properties' Request for Production No. 4

6   constitute relevant evidence related to the claims and defenses of Lile and BCS Properties in the

7   TTAB Proceeding. As discussed above, given the apparent spoliation of Lile's early website

8   evidence, the only remaining sources of evidentiary information regarding Lile's use priority (if

9   any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition

10   testimony. Lile has confirmed that it has no other responsive documents to produce and has not

11   identified any other witnesses. Hollman Decl. ¶ 19. Accordingly, BCS Properties' Request for

12   Production No. 4 is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

13

14   **BCS Properties' Request for Production No. 5:** "All documents relating to any use by

15   Lile of the foregoing marks or domain names."

16       **Objection:** Raj Abhyanker P.C.'s Standard Objection.

17       **Response:** BCS Properties' arguments in response to Raj Abhyanker P.C.'s Standard

18   Objection largely are the same with respect to Request for Production No. 5 as with respect to

19   Request for Production No. 1.

20       Briefly, Raj Abhyanker P.C.'s objection that BCS Properties' Request for Production No.

21   5 seeks confidential or privileged materials lacks merit. An entity withholding subpoenaed

22   information under a claim that it is privileged or subject to work product protection must "(1)

23   expressly make the claim, and (2) describe the nature of the withheld material to enable the

24   parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A). Raj Abhyanker P.C. did not produce a

25   privilege log or other details regarding its apparent decision to withhold subpoenaed documents

26   pursuant to its vague assertions of confidentiality, work product protection, and/or attorney-client

27   privilege. At the very least, Raj Abhyanker P.C. should be compelled to produce an appropriate

28   privilege log.

1    To the extent that Raj Abhyanker P.C. has suggested that documents responsive to BCS

2    Properties' Request for Production No. 5 are shielded from compelled disclosure as attorney work

3    product, it has provided no information to substantiate whether any such documents actually may

4    be considered attorney work product. In any event, BCS Properties' Request for Production No.

5    5 supports its attempt to discover the *factual basis* for the statements contained in Falleiro's

6    declaration supporting Application Serial No. 86052371, including information in documents

7    related to Lile's use of relevant marks or domain names. Those facts are not properly subject to

8    any privilege or protection.

9    Raj Abhyanker P.C.'s claim of attorney-client privilege as to documents responsive to

10    BCS Properties' Request for Production No. 5 also is unavailing. "[C]ommunications between

11    client and attorney for the purpose of relaying communications to a third party [are] not protected

12    by the attorney-client privilege." *Bergonzi*, 216 F.R.D. at 493; *Sudikoff*, 36 F.Supp. 2d at

13    1204. "[V]oluntary disclosure of the content of a privileged attorney communication constitutes

14    waiver of the privilege as to all other such communications on the same subject." *Weil*, 647 F.2d

15    at 24; *United States ex rel. Parikh*, 2006 WL 6654604 at * 1. To the extent that any information

16    contained in Lile's client file was disclosed to – or was intended for use by Raj Abhyanker P.C.

17    attorneys in connection with disclosures to – the U.S. Patent and Trademark Office or any other

18    third parties, it does not qualify as privileged and must be disclosed. This includes any

19    responsive information contained in documents related to Lile's use of relevant marks or domain

20    names.

21    Falleiro's declaration supporting Lile's Application Serial No. 86052371 also attested to

22    Opposer's entitlement to use the "CFBPLAYOFF.COM" mark, based on "her own knowledge."

23    By its own terms, Falleiro's declaration placed her personal knowledge directly at issue in this

24    case. Any information upon which she relied in submitting her declaration cannot be subject to a

25    legitimate claim of privilege. *See Hearn*, 68 F.R.D. at 581; *Intellect Wireless*, 2014 WL 1797488

26    at * 2. Again, this includes any information contained in documents related to Lile's use of

27    relevant marks or domain names. In any event, Raj Abhyanker P.C. has not sustained *its* burden

28    to establish attorney-client privilege in this instance. *See, e.g., Eden Isle Marina*, 89 Fed. Cl. at

MOTION TO COMPEL
CASE NO. 91220066/91221745

1   496.

2       Finally, the documents requested in BCS Properties' Request for Production No. 5

3  constitute relevant evidence related to the claims and defenses of Lile and BCS Properties in the

4  TTAB Proceeding. As discussed above, given the apparent spoliation of Lile's early website

5  evidence, the only remaining sources of evidentiary information regarding Lile's use priority (if

6  any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition

7  testimony. Lile has confirmed that it has no other responsive documents to produce and has not

8  identified any other witnesses. Hollman Decl. ¶ 19. Accordingly, BCS Properties' Request for

9  Production No. 5 is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

10      **BCS Properties' Request for Production No. 6:** "All records of Raj Abhyanker P.C. for

11  items 1 through 5 above, as such records are maintained in the ordinary course of business."

12      **Objection:** Raj Abhyanker P.C.'s Standard Objection.

13      **Response:** BCS Properties' arguments in response to Raj Abhyanker P.C.'s Standard

14  Objection largely are the same with respect to Request for Production No. 6 as with respect to

15  Request for Production No. 1.

16      Briefly, Raj Abhyanker P.C.'s objection that BCS Properties' Request for Production No.

17  6 seeks confidential or privileged materials lacks merit. An entity withholding subpoenaed

18  information under a claim that it is privileged or subject to work product protection must "(1)

19  expressly make the claim, and (2) describe the nature of the withheld material to enable the

20  parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A). Raj Abhyanker P.C. did not produce a

21  privilege log or other details regarding its apparent decision to withhold subpoenaed documents

22  pursuant to its vague assertions of confidentiality, work product protection, and/or attorney-client

23  privilege. At the very least, Raj Abhyanker P.C. should be compelled to produce an appropriate

24  privilege log.

25      To the extent that Raj Abhyanker P.C. has suggested that documents responsive to BCS

26  Properties' Request for Production No. 6 are shielded from compelled disclosure as attorney work

27  product, it has provided no information to substantiate whether any such documents actually may

28  be considered attorney work product. In any event, BCS Properties' Request for Production No.

1   6 supports its attempt to discover the *factual basis* for the statements contained in Falleiro's

2   declaration supporting Application Serial No. 86052371. Those facts are not properly subject to

3   any privilege or protection.

4        Raj Abhyanker P.C.'s claim of attorney-client privilege as to documents responsive to

5   BCS Properties' Request for Production No. 6 also is unavailing. "[C]ommunications between

6   client and attorney for the purpose of relaying communications to a third party [are] not protected

7   by the attorney-client privilege." *Bergonzi*, 216 F.R.D. at 493; *Sudikoff*, 36 F.Supp. 2d at

8   1204. "[V]oluntary disclosure of the content of a privileged attorney communication constitutes

9   waiver of the privilege as to all other such communications on the same subject." *Weil*, 647 F.2d

10  at 24; *United States ex rel. Parikh*, 2006 WL 6654604 at * 1. To the extent that any information

11  contained in Lile's client file was disclosed to – or was intended for use by Raj Abhyanker P.C.

12  attorneys in connection with disclosures to – the U.S. Patent and Trademark Office or any other

13  third parties, it does not qualify as privileged and must be disclosed.

14       Falleiro's declaration supporting Lile's Application Serial No. 86052371 also attested to

15  Opposer's entitlement to use the "CFBPLAYOFF.COM" mark, based on "her own knowledge."

16  By its own terms, Falleiro's declaration placed her personal knowledge directly at issue in this

17  case. Any information upon which she relied in submitting her declaration cannot be subject to a

18  legitimate claim of privilege. *See Hearn*, 68 F.R.D. at 581; *Intellect Wireless*, 2014 WL 1797488

19  at * 2. In any event, Raj Abhyanker P.C. has not sustained *its* burden to establish attorney-client

20  privilege in this instance. *See, e.g., Eden Isle Marina*, 89 Fed. Cl. at 496.

21       Finally, the documents requested in BCS Properties' Request for Production No. 6

22  constitute relevant evidence related to the claims and defenses of Lile and BCS Properties in the

23  TTAB Proceeding. As discussed above, given the apparent spoliation of Lile's early website

24  evidence, the only remaining sources of evidentiary information regarding Lile's use priority (if

25  any) would seem to be Lile's client file from Raj Abhyanker P.C. and Falleiro's deposition

26  testimony. Lile has confirmed that it has no other responsive documents to produce and has not

27  identified any other witnesses. Hollman Decl. ¶ 19. Accordingly, BCS Properties' Request for

28  Production No. 6 is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

1

## CONCLUSION

2     For the reasons set forth above, the Third Party Objections are unwarranted by the facts of

3 this case and unsupported by the case law.  They also fail to provide the supporting information

4 required under the Federal Rules of Civil Procedure and were unaccompanied by an appropriate

5 privilege log.  BCS Properties therefore respectfully requests that the Court enter an order (1)

6 compelling Raj Abhyanker P.C. to produce all documents requested pursuant to BCS Properties'

7 June 28, 2016 subpoena duces tecum, and (2) for any documents as to which Raj Abhyanker P.C.

8 persists in claiming privilege, compelling Raj Abhyanker P.C. to produce an appropriate privilege

9 log compliant with the requirements of Federal Rule of Civil Procedure 45(e)(2)(A).

10

11 Dated:  July 15, 2016                       Respectfully submitted,

12                                             **HOGAN LOVELLS US LLP**

13

14                                             By: /s/ Cristin D. Morneau
                                                   Cristin D. Morneau

15                                             HOGAN LOVELLS US LLP
16                                             3 Embarcadero Center
                                               Suite 1500
17                                             San Francisco, CA 94111
                                               Telephone: (415) 374-2349
18                                             Facsimile: (415) 374-2499
                                               cristin.morneau@hoganlovells.com

19                                             Steven P. Hollman (*pro hac vice forthcoming*)
20                                             HOGAN LOVELLS US LLP
                                               555 Thirteenth Street, N.W.
21                                             Washington, DC 20004
                                               Telephone:  (202) 637-5672
22                                             Facsimile:  (202) 637-5910
                                               steven.hollman@hoganlovells.com

23                                             *Attorneys for Applicant BCS Properties, LLC*

24

25

26

27

28

MOTION TO COMPEL
CASE NO. 91220066/91221745

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on July 15, 2016 I filed the foregoing MOTION TO COMPEL

3   PRODUCTION OF DOCUMENTS with the Clerk of the Court and caused a copy of the same

4   document to be served by first-class mail, postage prepaid, on:

5

6                          Raj Abhyanker
                           Christopher Civil
7                          RAJ ABHYANKER P.C.
                           1580 W. El Camino Real
8                          Suite 6
                           Mountain View, CA 94040
9

10

11  Date: July 15, 2016                   HOGAN LOVELLS US LLP

12

13                             By:  /s/ Cristin D. Morneau
                                    Cristin D. Morneau
                                    Attorneys for Applicant
14                                  BCS PROPERTIES, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL
CASE NO. 91220066/91221745